department, entered January 6, 1922, unanimously affirming an interlocutory judgment entered upon a decision of the court on trial at Special Term adjudging, in an action for the partition of real property, that the plaintiff George N. Ostrander and the defendant Frank L. Bell were each an owner of an undivided one-half interest in lot 19, Oxbow tract, Hamilton county, and that the People of the State of New York had no right, title or interest therein, except certain liens for taxes. The People claimed title under certain deeds from the comptroller describing and purporting to convey the lands in question.

*Charles D. Newton,* Attorney-General (*William T. Moore* of counsel), for appellant.

*J. A. Kellogg, George N. Ostrander* and *Frank L. Bell* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

HENRY YOOS, an Infant, by HENRY YOOS, His Guardian ad Litem, Respondent, *v.* THIRD AVENUE RAILWAY COMPANY, Appellant.

*Negligence — railroads — injury to eye of child from spark from drill used in repairing tracks.*

Yoos v. *Third Avenue Railway Co.,* 197 App. Div. 936, affirmed.

(Argued October 10, 1922; decided October 27, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 25, 1921, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict. This action was brought to recover damages for personal injuries alleged to have been sustained by the infant plaintiff on the 13th day of April, 1917, by reason of the defendant's employees negligently and carelessly repairing the tracks of its railway on One Hundred and Third street and Third avenue and by reason of their negligence and carelessness in operating

a certain drilling device with a torch attached to it. It was alleged that while the infant plaintiff was being wheeled across the car tracks on the north crosswalk, and while on the north-bound tracks, one of the defendant's employees operating the aforementioned torch and drilling machine, suddenly without warning caused the same to start, causing sparks to fly around, one of which entered the left eye of the child, causing the loss of sight of his said eye.

*Alfred T. Davison* and *E. Crosby Kindleberger* for appellant.

*Milton Speiser* and *Joseph Speiser* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

ELIZABETH MOUNT, Appellant, *v.* RICHARD H. MOUNT et al., Respondents, and CLARENCE M. DAVIS et al., Appellants.

*Will — construction — objection that provisions of will violated statute against perpetuities.*

*Mount* v. *Mount,* 196 App. Div. 508, affirmed.

(Argued October 10, 1922; decided October 27, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 21, 1921, which modified and affirmed as modified a judgment entered upon a decision of the court on trial at Special Term construing the will of Charlotte A. Mount, deceased. Testatrix by the seventh clause of her will devised certain real property to trustees to pay the income to a named beneficiary during her life with remainder to her issue, if any, and if she died without issue the property to pass under the residuary clause of her will. By said residuary clause she gave the residue of her estate to trustees to pay the income to her sister Susan during her life and upon her death divide the principal into as many parts as would make one for each of the living children of her nephew and